# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07CV70-1-V
# 5:04CR43-V

| | |
|---|---|
| CLAYTON DOYLE BULLIN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed June 20, 2007.

For the reasons set forth below, the Court dismisses Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

## PROCEDURAL HISTORY

In August 2004, Petitioner was one of three individuals indicted by a federal grand jury for conspiring to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base. On August 24, 2004, the Government filed a § 851 notice setting forth its intention to seek enhanced penalties. On September 12, 2005, Petitioner entered a "straight up" guilty plea at his Rule 11 hearing. On June 19, 2006, after granting the Government's Motion for a Downward Departure and taking into account Petitioner's related state sentence, this Court sentenced Petitioner to 60 months imprisonment. Petitioner did not directly appeal his conviction or sentence. On June 5,

2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence in which he raises two claims of ineffective assistance of counsel.

## ANALYSIS

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a

reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

### B. Credit for State Sentence

While Petitioner lists two claims in his Motion to Vacate, they are in essence the same claim. Both claims assert that Petitioner's counsel was ineffective because Petitioner did not receive credit on his federal sentence for the time he had served on a state conviction that was a related offense. A review of the record reveals that Petitioner is mistaken.

On August 1, 2000, Petitioner was sentenced in state court to 35 to 42 months for Trafficking Cocaine and to a consecutive 35 to 42 months for Conspiracy to Traffic Cocaine. Petitioner's pre-sentence report set forth that this state court conviction was relevant conduct with regard to his federal case and therefore he received no criminal history points. (PSR ¶ 38).

At sentencing, Petitioner faced a statutory minimum sentence of life imprisonment. (PSR ¶ 59). However, based upon Petitioner's substantial assistance, the Government made a downward departure motion requesting that the Court depart from the mandatory statutory minimum of life imprisonment to a range of 120 to 150 months and recommending that the Court impose a sentence of 120 months imprisonment. (Sent. Hearing Trans. pp. 4-5). Petitioner's counsel argued at sentencing that pursuant to § 5G1.3 this Court should "exclude time that he's already served on related conduct that he won't get credit for in the Bureau of Prisons." (Sent. Hearing Trans. p. 9). After granting the Motion for Downward Departure and explicitly

3

taking into account Petitioner's related state sentence, this Court sentenced Petitioner to 60 months imprisonment. (Sent. Hearing Trans. p. 11)("having in mind . . . the fact that he has already served a five year sentence up to 70 months already on related conduct, so taking that into account . . . Defendant will be committed to custody in this case for a term of 60 months to be served concurrently with the sentence now being served in the North Carolina Superior Court . . . ."). This Court's application of § 5G1.3 is also reflected in Section IX of the Statement of Reasons of Petitioner's Criminal Judgment. Consequently, Petitioner's assertion that his counsel was ineffective for failing to ensure that this Court credited him for his state sentence is factually baseless. Counsel argued for the application of § 5G1.3 and this Court applied the provision.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: July 12, 2007

Richard L. Voorhees
United States District Judge