IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00095-RLV
(5:04-CR-00043-RLV-DCK-2)

| | |
|---|---|
| CLAYTON DOYLE BULLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On June 19, 2006, Petitioner was sentenced to a term of 60-months' imprisonment and a five-year term of supervised release in this district following his conviction on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner's federal sentence was ordered to run concurrently with the sentence that he was then serving following his conviction in Iredell County Superior Court in Case Nos. 97CRS10201-203. (04-CR-00043-RLV, Doc. No. 87: Judgment in a Criminal Case). Petitioner did not appeal from this judgment.

On June 25, 2007, Petitioner filed a § 2255 motion to vacate and raised two claims of ineffective assistance of counsel. The Court dismissed the motion on initial review after finding that his claims lacked merit and Petitioner did not appeal. (5:07-CV-00070-RLV, Doc. No. 2: Order).

1

On October 26, 2010, Petitioner began his five-year term of supervised release and in December 2012, Petitioner's probation officer filed a petition alleging that Petitioner had violated the terms of his supervised release by committing two new law violations and the probation officer recommended that his supervised release be revoked. The petition alleged that Petitioner was found to be in possession of methamphetamine, cocaine and marijuana on December 17, 2012 (Violation 1), and that he had admitted to manufacturing methamphetamine (Violation 2). (5:04-CR-00043, Doc. No. 168: US Probation Petition).

Petitioner was appointed counsel and he appeared on December 2, 2013, before the Court for his supervised release revocation hearing. Petitioner admitted to being guilty of Violation 1 but denied his guilt as to Violation 2. Both the Government and Petitioner then presented evidence and following arguments from the parties, the Court found by a preponderance of the evidence that Petitioner had in fact committed the acts there were alleged in Violation 2 and Petitioner was adjudged guilty of that offense. Petitioner was sentenced to an active term of 60-months' imprisonment for violating his supervised release with no term of supervised release to follow upon his release from confinement. (Id., Doc. No. 186: Judgment in a Criminal Case). Petitioner appealed from this judgment and that matter is presently pending before the Fourth Circuit as of June 17, 2014. See United States v. Bullin, No. 13-4920 (4th Cir. filed Dec. 9, 2013).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In his pro se § 2255 motion, Petitioner raises a claim of ineffective assistance of counsel regarding his attorney's performance during his supervised release revocation hearing and he contends that he was not guilty of the conduct charged in Violation 2 of the probation petition, namely, the manufacture of methamphetamine. Petitioner has also filed an addendum in which he argues that his appellate counsel was ineffective by failing to present certain arguments regarding his claim of ineffective assistance of his supervised release counsel. (Id., Doc. No. 2).

The judgment Petitioner is seeking to challenge is not yet final because his direct appeal from that judgment is presently before the Fourth Circuit, Accordingly, the Court finds that the instant § 2255 motion should be dismissed without prejudice.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)

(holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 24, 2014

Richard L. Voorhees
United States District Judge